CHEN GANG LIU, Petitioner,

v.

Alberto R. GONZALES, Attorney General, United States Department of Justice, Respondents.

No. 06–3443–ag.

United States Court of Appeals, Second Circuit.

Aug. 24, 2007.

Stephen Singer, Barst & Mukamal, LLP, New York, NY, for Petitioner.

Stephen J. Murphy, United States Attorney for the Eastern District of Michigan, David J. Portelli, Assistant United States Attorney, Detroit, MI, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROSEMARY S. POOLER and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Chen Gang Liu, a citizen of the People's Republic of China, seeks review of a June 26, 2006 order of the BIA affirming the March 3, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson denying Liu's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chen Gang Liu,* No. A97 970 429 (B.I.A. June 26, 2006), *aff'g* No. A97 970 429 (Immig. Ct. N.Y. City Mar. 3, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Islam v. Gonzales,* 469 F.3d 53, 55 (2d Cir.2006); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review agency findings of fact under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). We review *de novo* the agency's legal conclusion that evidence presented in support of an asylum claim was insufficient to satisfy an applicant's burden of proof. *See Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 146 n. 2 (2d Cir.2003).

Petitioner does not allege that he has suffered past persecution or that he would be targeted individually if returned to China. Instead, Liu claims that he has a well-founded fear of persecution based on a "pattern or practice" of persecution against persons who, like Liu, have violated China's family planning policies. *See Kyaw Zwar Tun v. INS,* 445 F.3d 554, 564, 570–71 (2d Cir.2006); 8 C.F.R. § 208.13(b)(2)(ii).

■ Substantial evidence supports the IJ's finding that the background material, while showing that forced sterilizations occur in China, makes clear that these are "far from routine." The documents on record included, *inter alia,* the 2004 State Department Country Report on Human Rights Practices in China (2004 Country Report) and the affidavit and congressional testimony of former U.S. Census Bureau demographer Dr. John Aird (Aird documents). The 2004 Country Report discusses the often intrusive family policies in China, as well as coercive measures such as forced abortion and sterilization, but notes that enforcement varies geographically. Thus, it does not support petitioner's claim that a "pattern or practice" of persecution exists in China generally on the basis of violating the one-child policy.

Liu's argument that the IJ gave too much weight to the 2004 Country Report and too little to the Aird documents is without merit. While we have cautioned the agency not to place "excessive reliance" on these reports, *Tian–Yong Chen v. INS,* 359 F.3d 121, 130 (2d Cir.2004), we

have recognized their probative value, *see id.*; *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341–42 (2d Cir.2006). In the absence of any indication that the IJ has ignored important evidence or placed *excessive* reliance on State Department reports, the weight the IJ affords to such evidence lies largely within its discretion, *id.* at 342. We note that the BIA addressed the conflict between the 2004 Country Report and petitioner's evidence. It is apparent that the agency considered evidence from both sources and its determination that Liu failed to establish a well-founded fear of future persecution is supported by the record as a whole. *Cf. Wei Guang Wang v. BIA,* 437 F.3d 270, 276 (2d Cir.2006) (finding 2004 Country Report and Aird affidavit were insufficient to support asylum claim asserted by Chinese parent of two foreignborn children).

The BIA also determined that Liu's allegation that he will be fined on return to China, even if true, is insufficient to establish a well-founded fear. While we have recognized that economic deprivation may constitute persecution, an asylum applicant must offer some proof that he suffered a "deliberate imposition of substantial economic disadvantage." *Yong Hao Chen v. INS,* 195 F.3d 198, 204 (4th Cir.1999); *see also Ashok Chand v. INS,* 222 F.3d 1066, 1074 (9th Cir.2000). We see no error in the agency's conclusion that Liu adduced insufficient evidence to support such a determination.

Liu also maintains that the BIA committed legal error by requiring Liu to show a "national and uniform policy" of forced sterilization. We disagree. The BIA's reference to a national policy was a logical starting point in analyzing Liu's claim, given that Liu did not allege that the pattern or practice giving rise to his fear of prosecution was particular to his region or otherwise limited within China. The BIA never suggested that the absence of a national pattern was fatal to an applicant's claim under 8 C.F.R. § 208.13. On the contrary, the BIA indicated that, failing proof on the national scale, Liu was required to show that "he belongs to some subgroup against whom coercive enforcement of the 'one child' program remains systematic."

■ Because Liu failed to meet his burden with respect to his asylum claim and his withholding of removal and CAT claims are based on the same factual basis, he also failed to prove that it was more likely than not he would be persecuted or tortured. The IJ, therefore, properly denied Liu's withholding of removal and CAT claims. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).